PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| JOHNNY L. WILLIAMS, | ) CASE NO. 4:11CV447 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF JUSTICE, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendants. ) | **AND ORDER** [Resolving ECF Nos. 3, 9] |

The Defendants removed this action to the United States District Court for the Northern District of Ohio on March 4, 2011. ECF No. 1. *Pro se* Plaintiff Johnny L. Williams filed this rights *Bivens*[1] action in the Mahoning County Court of Common Pleas against the United States Department of Justice, the United States Marshals Service, Corrections Corporation of America ("CCA"), Northeast Ohio Correctional Center ("NEOCC"), and NEOCC Warden R. Rushing. ECF No. 1 at 1. In the Complaint, Plaintiff objects to the conditions of his confinement. ECF No. 1-2 at 2-3. He seeks monetary and injunctive relief. ECF No. 1-2 at 3.

Defendants CCA, NEOCC, and Warden Rushing filed a Motion to Dimiss (ECF No. 3) and the Department of Justice and the Marshals Service subsequently filed a separate Motion to Dismiss (ECF No. 9).

For the reasons set forth below, the Court grants Defendants' motions to dismiss.

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (U.S. 1971). While Plaintiff cites 42 U.S.C. § 1983, there is no allegation of action under color of *state* law. Plaintiff is a federal pre-trial detainee in the custody of the United States Marshal Service. *Bivens* provides federal inmates and detainees with a cause of action analogous to § 1983.

(4:11CV447)

## I. Background

Plaintiff's Complaint is very brief. He is a pre-trial detainee currently incarcerated at NEOCC. ECF No. 1-2 at 2. He alleges the temperature in his living quarters is below 74 degrees, which he contends is uncomfortably cold. ECF No. 1-2 at 2. He is 61 years old, and has a weakened immune system as a result of past bouts of tuberculosis and hepatitis. ECF No. 1-2 at 3. He states that colder temperatures render him susceptible to illnesses, and claims he has been subjected to cruel and unusual punishment in his housing unit. ECF No. 1-2 at 3.

Defendants CCA, NEOCC, and Warden Rushing jointly filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), on March 11, 2011. ECF No. 3. They assert CCA and NEOCC are not proper parties to a *Bivens* action, and that the claims against Warden Rushing are impermissibly based on the doctrine of *respondeat superior*. ECF No. 3 at 5-6. They also contend the Plaintiff failed to state a claim for cruel and unusual punishment. ECF No. 3 at 7-9.

The Department of Justice and the Marshals Service jointly filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), on April 5, 2011. ECF No. 9. These Defendants assert they are not subject to suit in a *Bivens* action. ECF No. 9-1 at 3-4. They also assert the Plaintiff failed to state a claim for relief under the Eighth Amendment, and contend that they were not properly served with process as required by Fed. R. Civ. P. 4(i). ECF No. 9-1 at 4-5.

In his opposition, Plaintiff reiterates his claim of inadequate heat in the housing unit, and states that Warden Rushing is responsible for setting the temperature. ECF No. 10 at 4-5. He asks for liberal construction of his pleading. ECF No. 10 at 5.

2

(4:11CV447)

## II. **Standard of Review**

When deciding a Motion to Dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint. In scrutinizing a Complaint, the Court is required to accept the allegations stated in the Complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), while viewing the Complaint in a light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976).

Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, --- F.3d ----, No. 10–5100, 2011 WL 2448909 (6th Cir. June 21, 2011). Although a Complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A Complaint survives a Motion to Dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949). Although material allegations must be accepted as true and construed in the light most favorable to the nonmoving party, complaints in which plaintiffs have failed to plead enough factual detail to state a claim that is plausible on its face may be dismissed for failure to

3

(4:11CV447)

state a claim. *Twombly*, 550 U.S. at 569-70. Courts are not required to accept conclusory legal allegations that do not include specific facts necessary to establish the cause of action. *Id.*

### III. Discussion

#### A. CCA, NEOCC and the Warden's Motion to Dismiss

CCA and NEOCC assert they are not proper parties to this action. CCA, which owns and operates NEOCC, is a private corporation. A private corporation cannot be sued for damages under *Bivens*. ECF No. 3 at 5; *see Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70-74 (2001). *Bivens* provides a remedy solely against individual officers and therefore cannot be brought against a federal prison, or the Bureau of Prisons which controls its operation. *Id.* at 70. The Supreme Court declined to expand *Bivens* to provide this cause of action against a private prison corporation.

Warden Rushing asserts the claims against him are improperly based on a theory of *respondeat superior*. ECF No. 3 at 5. Supervisory officials are generally not liable for the unconstitutional actions of subordinates. *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). The liability of supervisors cannot be based solely on the right to control employees, nor "simple awareness of employees' misconduct." *Leary v. Daeschner,* 349 F.3d 888, 903 (6th Cir.2003); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). At a minimum, Plaintiff must show that the supervisor at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers. *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999).

There is no indication in the Complaint, however, that Plaintiff's claims against Warden

4

(4:11CV447)

Rushing are based on a theory of *respondeat superior*. He does not allege that Warden Rushing is responsible for the actions of other prison employees and that inference is not apparent on the face of the Complaint. Warden Rushing is, therefore, a proper party to this civil rights action.

Plaintiff nevertheless fails to state a claim upon which relief may be granted against Warden Rushing. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although the Eighth Amendment's protections apply specifically to post-conviction inmates, *see Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992), the Due Process Clause operates to guarantee those same protections to pretrial detainees. *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir.1994); *see also Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir.1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id*. Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. *Id*. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id*. Deliberate

5

(4:11CV447)

indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff has not alleged sufficient facts to establish the objective component of his claim. He states that the temperature in the housing unit is below 74 degrees, but he does not include any other factual allegations to indicate at what temperature the unit is actually maintained or other measures used to provide warmth. An Eighth Amendment claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness. *Wilson*, 501 U.S. at 298; *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir.1996). It does not provide a cause of action for those conditions which cause mere discomfort or inconvenience. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation). As written, the Complaint does not adequately allege whether the temperatures in the housing unit were merely uncomfortable, or whether they were objectively unsafe. Absent articulation of this element, Plaintiff has not established that he was subjected to cruel and unusual punishment.

Moreover, even if Plaintiff had established that the temperatures in the housing unit were unsafe, he has not alleged facts to show that Warden Rushing was deliberately indifferent to his serious needs. An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Farmer*, 511 U.S. at 837. Mere negligence does not amount to deliberate indifference. *Id.* at 835-36. There are no facts alleged in the Complaint that

6

(4:11CV447)

reasonably suggest Warden Rushing was aware of Plaintiff's medical history, or that he acted with a conscious disregard for Plaintiff's safety.  Plaintiff has not satisfied the subjective component of the Eighth Amendment claim.

### B. Government's Motion to Dismiss

The Department of Justice and the Marshals Service contend they are not proper parties to *Bivens* action.  ECF No. 9-1 at 3-4.  The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the court's subject matter jurisdiction.  *McGinness v. U.S.*, 90 F.3d 143, 145 (6th Cir. 1996).  A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied.  *U.S. v. King*, 395 U.S. 1,4 (1969); *Soriano v. U.S.*, 352 U.S. 270, 276 (1957).

Plaintiff cannot pursue a *Bivens* claim against the United States Marshal Service or the Department of Justice.  *Bivens* provides a cause of action against individual officers acting under color of federal law alleged to have acted unconstitutionally.  *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001).  It does not support an action against the United States government or any of its agencies.  *Id*.; see *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994).  The United States has not waived sovereign immunity for claims asserted against its agencies under *Bivens*.  See *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir.1991)(stating that a *Bivens* claim cannot be asserted against the United States government or its employees in their official capacities).

(4:11CV447)

## IV. Conclusion

Accordingly, the Court grants Defendants CCA, NEOCC, and Warden R. Rushing's Motion to Dismiss. ECF No. 3. The Court also grants Defendants the United States Department of Justice and the Marshals Service's Motion to Dismiss. ECF No. 9. This action is, therefore, dismissed.

The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

    IT IS SO ORDERED.

| | |
|---|---|
| July 28, 2011 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[2] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

8